Mikal C Watts *(Admitted pro hac vice)*
Texas State Bar No. 20981820
Alicia O'Neill *(Admitted pro hac vice)*
Texas State Bar No. 24040801
**WATTS GUERRA LLP**
5726 W. Hausman Rd., Ste. 119
San Antonio, Texas 78249
Telephone: (210) 448-0500
Facsimile: (210) 448-0501
mcwatts@wattsguerra.com
aoneill@wattsguerra.com

**Counsel for Plaintiff**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | Case No. 3:19-md-02913-WHO<br><br>Honorable William H. Orrick |
| **This Document Relates to:**<br>Ethan Anderson | **JURY TRIAL DEMANDED** |

### SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL
### (PERSONAL INJURY)

The Plaintiff(s) named below file(s) this *Short-Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Consolidated Master Complaint (Personal Injury)*, in *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Lability Litigation*, MDL No. 2913 in the United States District Court for the Northern District of California. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order No. 7 of this Court.

Plaintiff(s) select and indicate by checking-off where requested, the Parties and Causes of Actions specific to this case.[1]

Plaintiff, by and through their undersigned counsel, allege as follows:

---

[1] If Plaintiff wants to allege additional Cause(s) of Action other those selected in paragraph 10, the specific facts supporting any such additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure (*see* paragraph 11). In doing so you may attach additional pages to this *Short-Form Complaint*.

- 1 -

SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

**I.     DESIGNATED FORUM**[2]

1. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing:

   Middle District of Florida

   ("Transferee District Court").

**II.    IDENTIFICATION OF PARTIES**

   **A.    PLAINTIFF(S)**

   2. *Injured Plaintiff(s):* Name of the individual injured due to use of JUUL products:

      Ethan Anderson

      ("Plaintiff").

   3. At the time of the filing of this *Short-Form Complaint*, Plaintiff resides at:

      Orlando, Florida

   4. *Consortium Plaintiff:* Name of the individual(s) that allege damages for loss of consortium:

      Not applicable.

      ("Consortium Plaintiff").

   5. *Survival and/or Wrongful Death Claims*:

      (a) Name and residence of Decedent Plaintiff when he/or she suffered a JUUL related death:

      Not applicable.

      (b) Plaintiff/Decedent died on:

      Not applicable.

      (c) Plaintiff is filing this case in a representative capacity as the

      Not applicable.

---

[2] *See* Case Management Order No. 3, at II(C) (ECF No. 309).

- 2 -

SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

of the not applicable having been duly appointed as such by the Court of not applicable.

**B.    DEFENDANT(S)**

6.    Plaintiff(s) name(s) the following Defendants in this action

**THE JUUL DEFENDANTS**

☑ JUUL LABS, INC., previously d/b/a as PAX LABS, INC. and PLOOM INC.;[3]

☑ ALTRIA GROUP, INC.;[4]

☑ PHILIP MORRIS USA, INC.;[5]

☑ ALTRIA CLIENT SERVICES LLC;[6]

☑ ALTRIA GROUP DISTRIBUTION COMPANY;[7]

☑ ALTRIA ENTERPRISES LLC;[8]

**THE MANGEMENT DEFENDANTS**

☑ JAMES MONSEES;[9]

☑ ADAM BOWEN;[10]

☑ NICHOLAS PRITZKER;[11]

☑ HOYOUNG HUH;[12]

☑ RIAZ VALANI;[13]

---

[3] Delaware corporation, with its principal place of business in San Francisco, California.

[4] Virginia corporation, with its principal place of business in Richmond, Virginia.

[5] Virginia corporation with its principal place of business in Richmond, Virginia.

[6] Virginia limited liability company with its principal place of business in Richmond, Virginia.

[7] Virginia corporation with its principal place of business in Richmond, Virginia.

[8] Virginia limited liability company with its principal place of business in Richmond, Virginia.

[9] A resident of California.

[10] A resident of California.

[11] A resident of California.

[12] A resident of California.

**THE E-LIQUID MANUFACTURING DEFENDANTS**

☑ MOTHER MURPHY'S LABS, INC.;[14]

☑ ALTERNATIVE INGREDIENTS, INC.;[15]

☑ TOBACCO TECHNOLOGY, INC.;[16]

☑ eLIQUITECH, INC.;[17]

**THE DISTRIBUTOR DEFENDANTS**

☑ MCLANE COMPANY, INC.;[18]

☑ EBY-BROWN COMPANY, LLC;[19]

☑ CORE-MARK HOLDING COMPANY, INC.;[20]

**THE RETAILER DEFENDANTS**

☐ CHEVRON CORPORATION;[21]

☐ CIRCLE K STORES INC.;[22]

☐ SPEEDWAY LLC;[23]

☐ 7-ELEVEN, INC.;[24]

☐ WALMART;[25]

---

[13] A resident of California.

[14] North Carolina corporation, with a principal place of business in North Carolina.

[15] North Carolina corporation, with a principal place of business in North Carolina.

[16] Maryland corporation, with a principal place of business in Maryland.

[17] Maryland corporation, with a principal place of business in Maryland.

[18] Texas corporation with a principal place of business in Texas.

[19] Delaware limited liability company with a principal place of business in Illinois.

[20] Delaware corporation. From 2015-2018, principal place of business California; as of 2019, principal place of business Texas.

[21] Delaware corporation with a principal place of business in California.

[22] Texas corporation with a principal place of business in Arizona.

[23] Delaware corporation with a principal place of business in Ohio.

[24] Texas corporation with a principal place of business in Texas.

- 4 -

☐ WALGREENS BOOTS ALLIANCE, INC.[26]

C. **PRODUCT USE**

7. Plaintiff used JUUL during the time period including from May, 2015 to October, 2019 and that use caused and or substantially contributed to his/her injury.

D. **PHYSICAL INJURY**[27]

8. The Plaintiff(s) experienced the following physical condition, injury or illness alleged to have been caused and or contributed to as a substantial factor by JUUL:

☑ ADDICTION

☐ NICOTINE POISONING

☐ BEHAVIORAL ISSUES/MENTAL HEALTH:

- ☐ ANGER/OUTBURSTS
- ☐ MOOD SWINGS
- ☐ IRRITABILITY
- ☐ SUICIDAL THOUGHTS
- ☐ SUICIDAL ATTEMPTS
- ☐ DEATH BY SUICIDE
- ☐ OTHER (specify): _____

☐ COGNITIVE ISSUES:

- ☐ ATTENTION DEFICIT DISORDER
- ☐ LEARNING IMPAIRMENTS
- ☐ LACK OF CONCENTRATION
- ☐ TROUBLE SLEEPING

---

[25] Delaware corporation with a principal place of business in Arkansas.

[26] Delaware corporation with a principal place of business in Illinois.

[27] Plaintiff(s) must check-off all physical injuries allegedly caused by Plaintiff's use of JUUL. Plaintiff is not required to plead here emotional or psychological injuries, or all manifestations of the physical injury alleged which will be inquired into as part of the Plaintiff's Fact Sheet ("PFS"). This *Short-Form Complaint* assumes that emotional and psychological damages are asserted by the Plaintiff.

SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

☐ OTHER:_____

☐ CARDIOVASCULAR:
   ☐ HEART ATTACK
   ☐ OTHER CARDIOVASCULAR DIAGNOSIS
   _____

☐ NEUROLOGIC:
   ☐ SEIZURES
   ☐ STROKE

☒ RESPIRATORY/LUNG:
   ☐ ACUTE EOSINOPHILIC PNEUMONIA/PULMONARY EOSINOPHILIA
   ☐ ACUTE INTERSTITIAL PNEUMONITIS OR ACUTE PNEUMONIA
   ☐ ACUTE RESPIRATORY DISTRESS SYNDROME (ARDS)
   ☐ ASTHMA
   ☒ BRONCHITIS
   ☐ CHRONIC LUNG PROBLEMS
   ☐ CHRONIC OBSTRUCTIVE PULMONARY DISEASE (COPD)
   ☐ E-CIGARETTE, OR VAPING, PRODUCT USE ASSOCIATED LUNG INJURY (EVALI)
   ☐ ESPHYSEMA
   ☐ LIPOID PNEUMONIA
   ☐ LUNG TRANSPLANT
   ☒ OTHER SPECIFIED INTERSTITIAL PULMONARY DISEASE
   ☐ PNEUMONIA (any type): _____
   ☒ POPCORN LUNG/BRONCHIOLITIS OBLITERANS

☐ DEATH

☒ OTHER PERSONAL INJURIES (specify): _____
   Pleural Effusion

- 6 -

SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

9. The physical condition, injury or illness alleged in paragraph 7 occurred on or about:

January, 2016, March 5, 2017, April 5, 2017 and April 11, 2019

V. **CAUSES OF ACTION ASSERTED**

10. The following Causes of Action asserted in the *Plaintiffs' Consolidated Master Complaint (Personal Injury),* and the allegations with regard thereto in the *Plaintiffs' Consolidated Master Complaint (Personal Injury),* are adopted in this *Short Form Complaint* by reference:

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☑ | I | STRICT LIABILITY - DESIGN DEFECT |
| ☑ | II | STRICT LIABILITY - FAILURE TO WARN |
| ☑ | III | STRICT LIABILITY - MANUFACTURING DEFECT |
| ☑ | IV | PRODUCTS LIABILITY - NEGLIGENT DESIGN |
| ☑ | V | PRODUCTS LIABIITY –NEGLIGENT FAILURE TO WARN |
| ☑ | VI | PRODUCTS LIAIBILITY – NEGLIGENT MANUFACTURING |
| ☑ | VII | NEGLIGENCE AND/OR GROSS NEGLIGENCE |
| ☑ | VIII | NEGLIGENT FAILURE TO RECALL/ RETROFIT |
| ☑ | IX | NEGLIGENT MISREPRESENTATION |
| ☑ | X | FRAUD |
| ☑ | XI | FRAUDULENT CONCEALMENT |
| ☑ | XII | CONSPIRACY TO COMMIT FRAUD |
| ☑ | XIII | UNJUST ENRICHMENT |
| ☐ | XIV | VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAW and specify which state's statute below |
| ☑ | XV | BREACH OF EXPRESS WARRANTY |

SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☑ | XVI | BREACH OF AN IMPLIED WARRANTY OF MERCHANTABILITY |
| ☐ | XVII | WRONGFUL DEATH |
| ☐ | XVIII | SURVIVAL ACTION |
| ☐ | XIX | LOSS OF CONSORTIUM |

VI.   **ADDITIONAL CAUSES OF ACTION**

> **NOTE**
>
> If Plaintiff wants to allege additional Cause(s) of Action other those selected in paragraph 10, the specific facts supporting any such additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure (*see* paragraph 11). In doing so you may attach additional pages to this *Short-Form Complaint*.

11.   Plaintiff(s) assert(s) the following additional theories against the Defendants designated in paragraph 6 above:

|   |
|---|
|   |
|   |
|   |
|   |
|   |
|   |
|   |
|   |

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants for compensatory, treble, and punitive damages, medical monitoring to diagnose JUUL induced injuries at an earlier date to allow for timely treatment and prevention of exacerbation of injuries, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper, and such further relief as the Court deems equitable and just, and as set forth in the *Plaintiffs' Consolidated Master Complaint (Personal Injury)*.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

DATED: 3/18/2021            Respectfully submitted,

/s/ Mikal C. Watts
Mikal C Watts *(Admitted pro hac vice)*
Texas State Bar No. 20981820
Alicia O'Neill *(Admitted pro hac vice)*
Texas State Bar No. 24040801
**WATTS GUERRA LLP**
5726 W. Hausman Rd., Ste. 119
San Antonio, Texas 78249
Telephone: (210) 448-0500
Facsimile: (210) 448-0501
mcwatts@wattsguerra.com
aoneill@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**